T.C. Summary Opinion 2004-102

UNITED STATES TAX COURT

ANNISA M. OWENS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14326-02S.            Filed July 28, 2004.

Annisa M. Owens, pro se.

<u>Alan H. Cooper</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined for 2000 a deficiency in petitioner's Federal income tax of $2,245. After a concession by petitioner,[1] the issue remaining for decision is whether money given to petitioner by her supervisor constitutes a taxable bonus or a tax-free gift.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Redwood City, California, at the time the petition in this case was filed.

During the year at issue, petitioner was employed as an executive assistant at Fox Paine & Co., LLC (Fox Paine). On or about December 10, 2000, petitioner received personal check No. 0435 in the amount of $7,500 from her supervisor, James R. Kroner (Mr. Kroner). Petitioner's signature and account number appear on the back of the check, which she deposited into her personal account. Petitioner resigned from Fox Paine on December 29, 2000.

Fox Paine issued to petitioner a Form 1099-MISC, Miscellaneous Income, reporting $5,000 in nonemployee compensation. When respondent inquired about the payment, a Fox Paine executive confirmed that the Form 1099-MISC should have

---

[1]In the notice of deficiency, respondent determined that petitioner failed to include in income a State income tax refund of $843 from a prior year. Petitioner has conceded this issue.

reported the full amount of $7,500. Petitioner timely filed her Form 1040, U.S. Individual Income Tax Return, for 2000 but failed to report the amount received from Mr. Kroner.

Petitioner does not dispute receiving the money. She merely objects to its classification as a bonus and argues that it was a gift from Mr. Kroner and therefore not includable in income.

At the end of the trial, respondent orally moved for leave to conform the pleadings to the evidence under Rule 41(b). Petitioner did not object.

## Discussion

The resolution of the issue in this case does not depend on which party has the burden of proof; therefore section 7491 does not apply here.

### 1. Respondent's Motion

As a preliminary matter, the Court must determine whether respondent's motion to conform the pleadings to the evidence should be granted.

Pursuant to section 6214(a) and Rule 41(b),[2] respondent moved to increase the amount of the deficiency. Respondent moves to increase the deficiency because of the alleged error made by Fox Paine when issuing the Form 1099-MISC to petitioner.

Rule 41(b)(2) permits the Court to grant a party's motion to conform the pleadings to the evidence "freely when justice so requires" provided the objecting party is not prejudiced by its admission. Church of Scientology v. Commissioner, 83 T.C. 381, 469 (1984), affd. 823 F.2d 1310 (9th Cir. 1987).

The Court does not find that granting respondent's motion would result in prejudice to petitioner. The parties agree that petitioner received the full $7,500. Accordingly, respondent's motion to conform the pleadings to the evidence so as to assert an increased deficiency will be granted.

---

[2]Rule 41(b)(2) provides:

> (2) Other Evidence: If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, then the Court may receive the evidence and at any time allow the pleadings to be amended to conform to the proof, and shall do so freely when justice so requires and the objecting party fails to satisfy the Court that the admission of such evidence would prejudice such party in maintaining such party's position on the merits.

2. <u>Payment Petitioner Received</u>

As a general rule, the value of property acquired by gift is not includable in gross income. Sec. 102(a). Gifts are payments made out of detached and disinterested generosity and not in return for past services. <u>Commissioner v. Duberstein</u>, 363 U.S. 278, 285 (1960). Furthermore, a gift must be given out of affection, respect, and admiration. <u>Id.</u>

In addition, section 102(c)(1) requires an employee to include in his or her gross income "any amount transferred by or for an employer to, or for the benefit of, an employee." Only in "exceptional" circumstances should a transfer between an employer and an employee be considered a gift in the statutory sense. <u>Commissioner v. Duberstein</u>, <u>supra</u> at 287. If the gift is made solely for personal reasons (such as a birthday or wedding present) and is in no way related to the employment relationship, and no anticipation of business benefit exists, then the gift may qualify for section 102 exclusion treatment. <u>Williams v. Commissioner</u>, T.C. Memo. 2003-97.

Only in situations where the relationship between the employer and the employee is personal and the payment is made for reasons unrelated to the work relationship may it be treated as a gift. See <u>Caglia v. Commissioner</u>, T.C. Memo. 1989-143 (finding that payments received by the taxpayer from her employer with whom she traveled for personal pleasure were not taxable);

Harrington v. Commissioner, T.C. Memo. 1958-194 (finding on the basis of social activities and vacations a personal relationship existed between the taxpayers and the husband's employers).

Petitioner is unable to establish that she had a relationship with Mr. Kroner other than that of employer-employee. Indeed, she testified that she did not have a relationship with Mr. Kroner outside of the work environment.

Petitioner offered no evidence that would indicate that the $7,500 was paid for any purpose other than to reward her for excellent job performance. It appears to the Court that Mr. Kroner was paying petitioner for the services she provided to him as his executive assistant. The regulations expressly provide that Christmas bonuses are included in the definition of compensation. Sec. 1.61-2(a), Income Tax Regs.

The parties agree that petitioner received a check for $7,500 from Mr. Kroner. Furthermore, the evidence indicates that petitioner endorsed and deposited the check she received from Mr. Kroner into her personal account. The Court holds that petitioner is required to include the $7,500 in income.

Reviewed and adopted as the report of the Small Tax Case Division.

An order will be issued granting respondent's motion to conform the pleadings to the evidence, and decision will be entered under Rule 155.
